{¶ 41} On this appeal and cross appeal from Judge William J. Coyne's order, I concur in part and respectfully dissent in part because, under Westfield Ins. Co. v. Galatis,[3] Raymond Bebsz may still have a claim for loss of consortium under the Lumbermens Truckers Coverage Policy, and because the question of UIM coverage under the Texas policy is moot. I agree that this case should be remanded, but not for the reason stated by the majority.
 {¶ 42} At the beginning of his oral argument, the Bebszes' lawyer conceded that the Texas policy did not provide UIM coverage for his clients and devoted the remainder of his time and rebuttal to whether the "Broadened Coverage" endorsement in the Truckers Policy identified Mr. and Mrs. Bebsz as insureds. Apparently the majority did not hear that admission and would remand the case to determine the state law that governs the provisions of the Texas policy, although that issue is moot.
 {¶ 43} The majority, however, in determining that Mrs. Bebsz is not an insured under the Truckers Policy, has overlooked the individual claims of Mr. Bebsz that arose out of the injuries to his wife, and overlooked the limited nature of the Ohio Supreme Court's assault onScott-Pontzer v. Liberty Mut. Fire Ins. Co.[4] The pre-2001 version of R.C. 3937.18 did not require that an insured sustain bodily injury in order to recover damages. Under Moore v. State Auto. Mut. Ins. Co.,[5]
Mr. Bebsz has a viable claim for the medical expenses resulting from his wife's injuries as well as for the loss of her consortium. The Galatis
decision did not and could not overrule Moore in light of the language of R.C. 3937.18, nor could Galatis impose any preconditions such as requiring that an employee must be operating a motor vehicle when the loss is sustained to be a UIM insured. Galatis held, both in the syllabus and in the body of the opinion, that:
"Absent specific language to the contrary, a policy of insurance thatnames a corporation as an insured for uninsured or underinsured motoristcoverage covers a loss sustained by an employee of the corporation onlyif the loss occurs within the course and scope of employment."[6]
 {¶ 44} The record does not reveal in what capacity Mr. Bebsz was employed by Cleaners Hanger Company, the named insured under the Truckers Policy, nor does the record reveal his work schedule. Mrs. Bebsz was injured on January 5, 1999, a Tuesday, at 11:45 a.m., and he may have been on the job and doing his work at that time. His loss, therefore, could have occurred within the course and scope of his employment and he would be eligible for coverage under the Truckers Policy pursuant toMoore.
 {¶ 45} Galatis was limited to whether the estate of a dead son could claim UIM coverage under a master insurance policy issued to his mother's employer. That is not the case here. I agree that Mrs. Bebsz is not an insured under the Truckers Policy but disagree that Lumbermens was "properly awarded summary judgment as to the Truckers Policy Coverage" on the claims of Mr. Bebsz. I would remand for the purpose of determining whether he was working when his wife was injured and, if so, I would find that he is a UIM insured under that policy.
[3] 100 Ohio St.3d 216, 2003-Ohio-5859.
[4] 85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116.
[5] 88 Ohio St.3d 27, 2000-Ohio-264, 723 N.E.2d 97.
[6] Galatis, at paragraph two of the syllabus and ¶ 62.